IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH RUPPERT, as Trustee and
on behalf of FAIRMONT PARK, INC.,
RETIREMENT SAVINGS PLAN, and on
behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**PRINCIPAL LIFE INSURANCE, CO.,**

**Defendant.**                                                   **No. 06-CV-0903-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Plaintiff's objection to and request for reconsideration of Magistrate Judge's Order dated March 12, 2007 (Doc. 46). Defendant filed a response to the objection on April 16, 2007 (Doc. 49). Based on the following, the Court denies Plaintiff's objection to and request for reconsideration of Magistrate Judge's Order dated March 12, 2007.

> **Local Rule 73.1(a)** provides:
>
> Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider

> the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.  The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law."  A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)**(quoting ***United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948))**; *See also* ***Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.")**.  "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***American Motors Corp. v. Great American Surplus Lines Insurance Co.*, 1988 WL 2788 at \* 1 (N.D. Ill. 1988)**.

Here, Plaintiff objects to the portion of Magistrate Judge Frazier's March 12, 2007 Scheduling and Discovery Order that bifurcated class-related discovery from merits-related discovery (Doc. 39).  Plaintiff argues that this leaves him either a theoretical maximum of 110 days to complete all merits-related discovery or

necessitating a substantial continuance of the presumptive trial month of August 2008. Plaintiff contends that because merits and class-related discovery will in many respects be identical in this action, bifurcation will lead to unnecessary delays, discovery disputes, expenditure of judicial resources and litigation expenses. Based on the record, the Court does not find clear error in the Order. Further, the Court finds that Plaintiff has not established that Judge Frazier's Order is clearly erroneous or contrary to the law. There is no reason for this Court to vacate Judge Frazier's March 12, 2007 Order. If necessary and at the appropriate time, the parties may move to amend the Scheduling and Discovery Order as the litigation proceeds.

Accordingly, the Court **DENIES** Plaintiff's objection to and request for reconsideration of Magistrate Judge's Order dated March 12, 2007 (Doc. 46).

**IT IS SO ORDERED.**

Signed this 18th day of April, 2007.

/s/      David   RHerndon
**United States District Judge**